UNITED STATES of America,
Plaintiff-Appellee,

v.

Davis C. McCORD, Defendant-Appellant.

No. 81–1233
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 14, 1981.
Rehearing and Rehearing En Banc
Denied Jan. 11, 1982.

Douglas E. Yeager, Dallas, Tex., for defendant-appellant.

Jay Ethington, Asst. U. S. Atty., Dallas, Tex., for plaintiff-appellee.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

POLITZ, Circuit Judge:

We again consider the circumstances surrounding the indictment, arrest, conviction by plea and sentencing of David C. McCord. The background facts in this case are chronicled in detail in *United States v. Becker,* 569 F.2d 951 (5th Cir.), *cert. denied,* 439 U.S. 865, 99 S.Ct. 188, 58 L.Ed.2d 174 (1978), and the situation giving rise to this appeal is described in *United States v. McCord,* 618 F.2d 389 (5th Cir. 1980), in which we remanded for a hearing on McCord's application for relief under 28 U.S.C. § 2255.[1] Following the hearing, the district judge found that the government did not breach a plea bargain agreement as contended by McCord and, accordingly, McCord's petition was rejected. We affirm.

---

1. McCord, now 69, is an attorney who had not been engaged in active practice for several years prior to his indictment and arrest in July, 1976, for conspiracy, mail fraud and interstate transportation of checks taken by fraud. He was sentenced to two consecutive five year terms and five years probation. After serving 40 months he was released on parole in September 1980.

The testimony elicited at the post-remand evidentiary hearing fully explores the matter raised by McCord's motion. That testimony reveals conflicting accounts of what transpired between McCord, agents of the Federal Bureau of Investigation and an Assistant United States Attorney during the pertinent period. The hearing was before the trial judge who had accepted McCord's guilty pleas and who had presided at the trials in which McCord appeared as a witness. With this background, the district judge was especially qualified to weigh and evaluate the conflicts in the evidence. Taking note of these conflicts the court stated:

At the sentencing of McCord, Ethington made known to the Court that McCord had cooperated with the government in its prosecution efforts. His statements at that time and in a later letter to the United States Parole Commission to some extent contradicted his testimony before this Court at the November 14 evidentiary hearing on McCord's § 2255 motion. In arriving at its findings in this action the Court has carefully evaluated Ethington's testimony relating to McCord's cooperation with the government in light of his earlier statements and letter, along with the testimony of the two FBI agents, McCord and Martin given at the November 14 hearing.

A scan of the material facts discloses McCord's arrest by FBI agents on July 8, 1976, following his indictment on charges he participated in a conspiracy involving the fraudulent sale of silver ore and mining options. On July 13, 1976, while incarcerated, McCord was interviewed by FBI agents Michael Clark and Thomas Kneir. McCord testified Clark told him that in return for cooperation, the government would allow him to plead to one count for which he would receive a probated sentence. According to McCord, Jay Ethington, the Assistant United States Attorney responsible for the prosecution, authorized Clark's proposal.

Ethington denied that he empowered Clark or Kneir to offer the plea bargain described by McCord. According to Ething-ton, he directed the agents to interview McCord and to inform him that the government would consider accepting a guilty plea to one count and dismissing the other 15, provided McCord fully cooperated. Both agents testified that Clark told McCord the government would consider a one-count plea if he cooperated. Ethington, Clark and Kneir all disclaim any offer of a probated sentence.

McCord was released from jail on July 16, 1976, and three days later brought a box of documents to the FBI office, a substantial number of which were retained. McCord characterizes these documents as self-implicating and maintains that they were of value to the government. The government counters that it already had the information in most of the documents and it obtained no additional information worthy of use in evidence.

All agree that at their next meeting, on July 19, Ethington offered McCord an opportunity to plead to three counts. Although acknowledging he accepted this offer, McCord said he objected at the time because of the previous assurance from the agents of a one-count plea with a probated sentence. McCord conceded that when he confronted the agents at this meeting, both denied having made the asserted offer. There was no discussion about what sentence the government would recommend. Ethington explained that he offered a three-count plea, notwithstanding the prior advice to McCord that the government would consider a one-count plea, because McCord's cooperation had been less than "total, full or complete."

█ The district judge found that in the July 13, 1976 interview Clark and Kneir told McCord that the government would consider allowing him to plead to one count, in return for full cooperation. The court also concluded that the two agents did not advise McCord about what sentence he might receive or what sentence the government might recommend. The court further found that the documents McCord brought to the FBI were of little value, were not used in subsequent prosecutions, and that

McCord's cooperation had been less than full.[2]

Finding no unkept plea bargain between McCord and the government when McCord pled guilty to the three counts, the trial judge stated:

> At the very most, the government only agreed to *consider* letting McCord plead to one count in exchange for his full cooperation and truthfulness as to his involvement and as to the involvement of others in the silver fraud scheme. When McCord did not keep his end of the plea bargain offer, the government was not obligated to consider whether McCord could plead guilty to one count of the indictment.

> Further, since the government did not agree at any time that McCord would receive a probated sentence in exchange for his cooperation McCord has failed to establish that any plea bargain as to his sentence was unkept.

Findings of fact by the district court in § 2255 cases will not be set aside unless clearly erroneous. *See* Fed.R.Civ.P. 52(a); *Baker v. Metcalfe,* 633 F.2d 1198 (5th Cir. 1981) (*citing Wade v. Mayo,* 334 U.S. 672, 68 S.Ct. 1270, 92 L.Ed. 1647 (1948)); 5A Moore's Federal Practice ¶ 52.03[1] (2d ed. 1980). After reviewing the entire record, we are not left with "the definite and firm conviction" that a mistake of fact has been committed by the trial court. *Amstar Corp. v. Domino's Pizza, Inc.,* 615 F.2d 252, 258 (5th Cir. 1980). There are two crucial facts in dispute. The first is whether Ethington authorized Clark to negotiate with McCord at the July 13 interview, when all acknowledge that McCord, Clark and Kneir discussed the possibility of a one-count plea. McCord contends that Ethington authorized Clark to offer McCord a one-count plea. The court, however, credited the government's testimony that Ethington had merely told Clark to convey to McCord that the government would "consider" a one-count plea if McCord cooperated. In light of the record as a whole, and with recognition of the credibility calls required, we are not prepared to say that this finding was clearly erroneous.

The second disputed fact is whether the agents assured McCord of probation during the discussions on July 13. Again, in light of the entire record, including the professional background of McCord, and acknowledging the credibility evaluation inherent in this fact finding, we are not persuaded that the finding is clearly erroneous. Neither the FBI agents nor the government attorney has the power to "offer probation" to a defendant. Sentencing is the exclusive function of the judge. Rule 11(e)(1)(B) of the Federal Rules of Criminal Procedure permits the prosecutor to make recommendations on sentencing; the prosecutor has no authority to guarantee any aspect of sentencing.

The trial judge concluded that no plea bargain was agreed to on July 13, 1976, and therefore no plea bargain was breached. The trial court's findings and conclusions are amply supported by the record.

The judgment of the district court is AFFIRMED.

---

**2.** In a footnote, the court observed:

> Although McCord did testify as a government witness in the *Becker* and *Deaton* trials which were held before this Court, it was apparent from his testimony in both cases that McCord's cooperation with the government had been limited. Further, McCord consistently hesitated to admit that the scheme in question was an unlawful one. His primary benefit to the government was the early identification of players and documents involved in this unique swindle, thereby saving the government the expense and time involved in proving such facts from other witnesses.