**Eddie HALL, Jr., Petitioner-Appellant,**

v.

**Ross MAGGIO, Jr., Warden, Louisiana State Penitentiary, and William J. Guste, Jr., Attorney General, Respondents-Appellees.**

No. 82–3361
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 7, 1983.

**642**

Lee R. Leonard, Deputy Federal Public Defender, New Orleans, La., for petitioner-appellant.

John H. Craft, Asst. Dist. Atty., New Orleans, La., for respondents-appellees.

Before GEE, RANDALL and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

This case comes to us on appeal from the district court's denial of a Louisiana prisoner's habeas corpus petition. For the reasons set forth below, we affirm the judgment of the district court.

The petitioner, Eddie Hall, Jr., was charged with capital murder, which carried an automatic death penalty. He pleaded guilty to simple murder and received a sentence of life imprisonment. The guilty plea was entered on June 23, 1969, three weeks after the United States Supreme Court decided *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

After exhausting his state remedies, he petitioned the district court for a writ of habeas corpus, alleging two grounds for relief. The first was that his guilty plea had been invalid under *Boykin* because he had not been aware of the constitutional rights that the plea waived; the second was that his guilty plea was invalid because it had been induced by his expectation that he would be paroled after serving ten and one-half years, an expectation which was not fulfilled. An evidentiary hearing was held before a United States Magistrate, who found that Hall had pleaded guilty intelligently and voluntarily, with full knowledge of the rights he was waiving, and that he had never been promised any particular parole date. The district court adopted the magistrate's findings of fact and conclusions of law and denied the petition.

On appeal, Hall does not specifically attack any of the magistrate's findings. He merely reiterates his claims below and adds

a new issue: whether he was adequately informed of the elements of second-degree murder before he pleaded guilty to the charge. He did not present this last question to the district court, so it is not properly before us.

■ A plea of guilty to a state criminal charge is constitutionally valid only if it is voluntary and intelligent, which in turn requires that the defendant know the constitutional rights that he is relinquishing. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). A court cannot presume from a silent record that the plea met the standard; its validity must be affirmatively established. *Id.*

■ Here, the state trial record is completely silent about the proceedings when Hall's plea was taken. It is permissible, however, for a habeas court to determine whether the plea was voluntary and intelligent from the facts adduced at an evidentiary hearing before it or before a state court in collateral proceedings. *Fisher v. Wainwright,* 584 F.2d 691, 693 (5th Cir. 1978) (federal hearing); *McChesney v. Henderson,* 482 F.2d 1101 (5th Cir.1973), *cert. denied,* 414 U.S. 1146, 94 S.Ct. 901, 39 L.Ed.2d 102 (1974) (state post-conviction hearing); *Walker v. Caldwell,* 476 F.2d 213, 215–16 n. 3 (5th Cir.1973) (federal hearing); *Dulin v. Henderson,* 448 F.2d 1238, 1240 (5th Cir.1971) (remanding for federal hearing). The magistrate's findings were made on the basis of the evidentiary hearing held before her.

■ Hall's *Boykin* issue thus reduces to the question of whether the magistrate's determination that his guilty plea was voluntarily and intelligently made can withstand appellate review. Such determinations are findings of fact, to be evaluated under the "clearly erroneous" standard of Federal Rule of Civil Procedure 52(a). *Brown v. Jernigan,* 622 F.2d 914, 916 (5th Cir.), *cert. denied,* 449 U.S. 958, 101 S.Ct. 368, 66 L.Ed.2d 224 (1980); *Anglin v. Caldwell,* 465 F.2d 970, 971 (5th Cir.1972), *cert. denied,* 410 U.S. 985, 93 S.Ct. 1510, 36 L.Ed.2d 181 (1973); *Streets v. Wainwright,* 436 F.2d 962, 963 (5th Cir.1970), *cert. denied,* 404 U.S. 910, 92 S.Ct. 236, 30 L.Ed.2d 183 (1971); *Curry v. Wainwright,* 416 F.2d 379, 380 (5th Cir.1969).

■ We do not think that the magistrate's findings were clearly erroneous. The witnesses at the evidentiary hearing were Hall, the attorney who represented him when he pleaded guilty, and Hall's mother; the state judge who had taken the plea had died and the prosecutor stipulated that he had no memory of the circumstances of the plea. From the testimony of Hall and his attorney, the magistrate found that Hall knew of his rights to a jury trial, to confront the witnesses against him, and not to be compelled to incriminate himself, and that his guilty plea was voluntary and intelligent. Hall offers no reasons not to accept these findings, and we find none in the record. Hall's *Boykin* claim is thus without merit.

■ Hall's second contention is that he is the victim of the equivalent of a broken plea bargain. The "bargain" in this case was Hall's belief, founded on what was then "common knowledge," that a life sentence in Louisiana in 1969 meant virtually certain parole in ten and one-half years if the prisoner behaved well. The law was subsequently changed, and Hall has not been paroled. Hall testified, however, that his only official source of information on the subject was his attorney, not the prosecutor or the judge. The attorney testified that he merely explained the possibility of parole, and gave Hall no assurances that it would be forthcoming. Hall himself testified that he understood that any parole was within the discretion of the parole board and dependent on his good behavior.

From these facts, the magistrate concluded that the plea agreement had included no promise of parole and that Hall's expectation of parole did not render his plea involuntary. These findings are not clearly erroneous. *Garrett v. Maggio,* 685 F.2d 158, 160 (5th Cir.1982) (attorney's explanation of possibility of parole after ten and one-half years of Louisiana life sentence not a "promise," and subsequent change in law

**644**

did not invalidate guilty plea); *see also United States v. Frontero,* 452 F.2d 406, 411–12 (5th Cir.1971) (discussing when defendant's misunderstanding of explanation of possible sentence may invalidate guilty plea). Hall's second claim thus does not justify relief.

Neither of Hall's two claims that are properly before this court warrants relief. We therefore AFFIRM the district court's denial of his petition.