UNITED STATES of America,
Plaintiff–Appellee,

v.

David Andrew BIRDWELL,
Defendant–Appellant.

No. 88–4652
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 8, 1989.

Rehearing Denied Dec. 5, 1989.

David Andrew Birdwell, Leavenworth, Kan., pro se.

Peter H. Barrett, Asst. U.S. Atty., George Phillips, U.S. Atty., Biloxi, Miss., for plaintiff-appellee.

Before POLITZ, GARWOOD, and JOLLY, Circuit Judges.

POLITZ, Circuit Judge:

David Andrew Birdwell moved to vacate his guilty plea conviction under 28 U.S.C. § 2255 claiming that his plea agreement was breached and that he received ineffective assistance of counsel. The trial court dismissed his petition. We affirm the dis-

missal on the ineffective assistance of counsel claim, but for the reasons assigned vacate and remand for an evidentiary hearing and findings of fact on the plea agreement issue.

### Background

Birdwell robbed the Bank of East Texas on June 25, 1985, kidnapping a woman as he commandeered her auto. He left the victim locked in the vehicle's trunk for an extended period, part of the time with the engine running. It was a very hot day. Birdwell finally abandoned the car without alerting anyone of the victim's plight. Fortunately she survived the ordeal. Shortly thereafter Birdwell was apprehended in Mississippi and the federal magistrate there appointed Dale Robinson as Birdwell's attorney. From the outset Birdwell indicated a desire to plead guilty to the federal offense, doing so in Mississippi under Fed.R.Crim.P. 20. He confessed to the kidnapping and robbery.

On July 30, 1985 Birdwell and his attorney agreed to and signed a Memorandum of Understanding which incorporated the terms of a plea agreement between Birdwell and the federal prosecutor. Birdwell agreed to waive indictment and accept a charge via information, and to waive venue and plead guilty under Fed.R.Crim.P. 20 to federal bank robbery charges, 18 U.S.C. § 2113(a). In return, the federal prosecutor agreed to recommend a 20–year sentence. The Memorandum included more, however. Albeit with a notation that it was not intended to be binding on state authorities, the Memorandum incorporated a letter from the district attorney of Smith County, Texas, extending to Birdwell an opportunity to plead guilty to the sole state charge of aggravated kidnapping, in connection with the bank robbery, for which he would receive a prison term no greater than and to run concurrent with the 20–year federal sentence.

Attorney Robinson was allowed to withdraw and new counsel was appointed. Birdwell thereafter entered a guilty plea. In December 1985, in the course of a careful, meticulous Fed.R.Crim.P. 11 allocution, the district judge read the entire Memorandum of Understanding to Birdwell, who indicated comprehension and assented to each paragraph. When the court completed the reading and discussion about the Memorandum he caused it to be signed in open court by the assistant United States Attorney presenting the matter and the newly appointed defense counsel. The Memorandum had already been signed by Birdwell, his former counsel, and a different assistant United States Attorney.

Before accepting the guilty plea the court studiously read the plea offer from the Texas state prosecutor and secured Birdwell's acknowledgment that he understood each paragraph. Birdwell then responded that for entering his guilty plea he had received no promises "other than those contained in the plea bargaining agreement." The government candidly acknowledges that the Texas plea offer was a "significant inducement" to Birdwell to enter his guilty plea.

After receiving an extended statement by Birdwell, and comments by his counsel, the court examined Birdwell about the offense and his past record, as reflected in his written confession and in the presentence investigation which had, by agreement, been prepared in advance of the plea. The court then sentenced Birdwell to 20 years imprisonment, doing so pursuant to 18 U.S.C. § 4205(b)(2). There was no appeal of either the conviction or sentence or of a subsequent denial of a motion for modification of sentence under Fed.R. Crim.P. 35.

The following August Birdwell was returned to Smith County, Texas to face state charges of both aggravated robbery and aggravated kidnapping. Texas counsel was appointed and through him Birdwell moved for dismissal of the charges under the Texas Speedy Trial Act and the Interstate Agreement on Detainers, Tex.Crim. Proc.Ann. art. 51.14 (Vernon 1979). The district attorney warned that pursuit of the defense motions constituted a breach of the plea agreement and if Birdwell persisted in urging same he would forfeit the benefits of that agreement. It is Birdwell's position

that the state prosecutor had already breached the agreement when he filed two charges instead of one as promised.

When Birdwell's motions were denied he sought to proceed in accordance with the plea agreement but the prosecutor refused to do so. Birdwell was tried and convicted of both aggravated kidnapping and aggravated robbery. He received two concurrent 75–year sentences, with incarceration to run consecutive to the federal sentence.

Birdwell sought section 2255 habeas relief, contending that the Texas indictments and sentences violate the agreement upon which he based his plea to the federal charge. He added to his initial petition a charge of ineffective assistance of the attorneys appointed in Mississippi. He sought an evidentiary hearing. The latter charge initially related to both attorneys but later focused only on Robinson's performance.

The sentencing judge reviewed Birdwell's application for habeas relief and denied it without an evidentiary hearing and without making any findings of fact or conclusions of law. The court merely observed that "the files and records of the case conclusively show that the defendant is entitled to no relief." Birdwell timely appeals.

*Analysis*

The articulations of the various arguments Birdwell makes in his *pro se* brief coalesce into two contentions. He first claims that his guilty plea is invalid because it was based on a plea agreement which subsequently was breached. He then faults the representation of the attorney first appointed to represent him on the bank robbery charge.

As a statement of law, Birdwell's first contention has validity. In *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), the Supreme Court held that if a prisoner's guilty plea is based "in any significant degree" on a prosecutor's promise which reasonably may be said to be part of the consideration for the agreement, that promise must be fulfilled. 404 U.S. at 262, 92 S.Ct. at 499. The breaking

of such a promise may be grounds for vacating a conviction or granting other relief under section 2255. *See Smith v. Blackburn*, 785 F.2d 545 (5th Cir.1986); *United States v. Kerdachi*, 756 F.2d 349 (5th Cir.1985).

While acknowledging that the outcome of the Texas criminal charges played a significant role in the entry of the guilty plea, the government contends that it had no power over and could not be responsible for the actions of the state authorities. We accept the disavowal of power, but disagree with the assignment of responsibility. The federal prosecutor cannot direct the actions of the state prosecutors, but having incorporated the state plea offer into the federal plea agreement, the breaking of the promises by the state authorities does factor into the determination of the voluntariness of Birdwell's guilty plea. If, as conceded, the state offer was a significant factor in inducing Birdwell to plead guilty, to the extent that he likely would not otherwise have done so, his guilty plea is tainted. The issue focuses then on whether the plea agreement was violated and whether Birdwell forfeited his position under that agreement or otherwise precipitated its abrogation.

We cannot make that factual determination on the record before us, nor should we make that factual assessment in the first instance. That determination must be made by the district court. Under the mandate of section 2255, the district court must make findings of fact and conclusions of law unless the motion, files, and record "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *Friedman v. United States*, 588 F.2d 1010 (5th Cir.1979).

Fuller factual development of the record is necessary, and it is possible that an evidentiary hearing will be required. When a petitioner's habeas claim is based on an unkept promise in a plea agreement, and his petition contains "specific factual allegations, not directly contradicted in the record, of circumstances undermining his plea," an evidentiary hearing is warranted.

*United States v. Dabdoub–Diaz,* 599 F.2d 96, 100 (5th Cir.), *cert. denied,* 444 U.S. 878, 100 S.Ct. 164, 62 L.Ed.2d 107 (1979). *See United States v. Raetzsch,* 781 F.2d 1149 (5th Cir.1986); *United States v. Fuller,* 769 F.2d 1095 (5th Cir.1985).

The case before us presents such a situation. The state offer/promise was an essential element of Birdwell's guilty plea. The record before us reflects that the two state criminal charges against Birdwell were lodged pursuant to the Interstate Agreement on Detainers. Birdwell appears to have agreed to the transfer to Texas from federal custody for the purpose of the disposition of the state charges. Counsel was appointed to represent Birdwell in the state proceedings and he filed motions seeking dismissal of the state charges. The state authorities apparently considered counsel's action to be a breach of the state component of the federal plea agreement, freeing the state to prosecute both charges. Birdwell and his state-appointed counsel apparently considered that the delay in attempting to arrange for and effectuating Birdwell's transfer from federal to state custody to dispose of the state charges constituted a breach by the state of the agreement, at least to the extent of authorizing Birdwell's motions to dismiss for violation of the state's Speedy Trial Act (later held invalid under the state constitution) and the Interstate Agreement on Detainers (Tex.Code Crim.Proc. art. 51.14). A resolution of this basic dispute—who breached what and when, and the consequences of that breach or breaches—cannot be made on the record before us. More is needed.

█ As to Birdwell's second contention, little need be said. He contends that he received ineffective assistance of counsel. That reference, as noted, is to the actions of the first attorney appointed in the federal proceedings. Birdwell questions Dale Robinson's failure to investigate and his advice that Birdwell should plead guilty. Neither charge against counsel meets the demanding standard announced in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), made

applicable to guilty plea proceedings in *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). All of Birdwell's complaints herein focus on events occurring long after Robinson had been relieved of further duties in this case. The district court's rejection of the ineffective assistance claim is therefore affirmed.

The decision of the district court is AFFIRMED in part, VACATED in part, and REMANDED for further proceedings consistent herewith.