**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 01-40860
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE JUAN ZAPATA,
also known as Jaime Ociel Barrera,

Defendant-Appellant.

---

--------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-98-CR-169-1
--------------------------------------------------------

April 16, 2002

Before JOLLY, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

Jose Juan Zapata, federal prisoner # 71879-079, appeals from the district court's judgment

dismissing his collateral challenge to his 1998 drug conviction. Zapata had moved in the district court

for issuance of a *nunc pro tunc* order to correct the sentence that he received under the Sentencing

Guidelines. The district court construed the motion as arising under 28 U.S.C. § 2255. As federal

courts are courts of limited jurisdiction, Zapata must have statutory authority for the filing of his

motion. Veldhoen v. United States Coast Guard, 35 F.3d 222, 225 (5th Cir. 1998). Section 2255

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of Title 28 is the means by which a federal prisoner may challenge the validity of his sentence. <u>United States v. Cates</u>, 952 F.2d 149, 151 (5th Cir. 1992). The district court's construction of Zapata's motion as arising under 28 U.S.C. § 2255 was proper.

Because the district court properly construed Zapata's motion as arising under 28 U.S.C. § 2255, Zapata must obtain a certificate of appealability (COA) before he can appeal the dismissal of his motion. <u>See</u> 28 U.S.C. § 2253. A COA ruling should be made in the first instance in the district court, and the district court should make such a ruling *sua sponte* if no request is made. <u>Muniz v. Johnson</u>, 114 F.3d 43, 45 (5th Cir. 1997); <u>United States v. Youngblood</u>, 116 F.3d 1113, 1114 (5th Cir. 1997). Although the district court did not construe Zapata's notice of appeal as requesting a COA, we decline to remand this case in light of the patent frivolity of Zapata's motion. <u>See</u> <u>United States v. Alvarez</u>, 210 F.3d 309, 310 (5th Cir. 2000). We therefore DISMISS this appeal for lack of jurisdiction.

APPEAL DISMISSED FOR LACK OF JURISDICTION.