United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————

No. 03-41180 c/w
No. 03-41195
Summary Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FERNANDO URIBE-JIMENEZ,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. B-03-CR-299-1
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Fernando Uribe-Jimenez (Uribe) appeals his guilty-plea convictions of transporting an illegal alien and illegal reentry into the United States after having been convicted of an aggravated felony and deported. The pleas were taken separately. There was a written plea agreement in the alien-transporting case; there was no plea agreement in the illegal reentry case. Because the alien transportation offense is a "specific offense characteristic" of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

illegal reentry under U.S.S.G. § 2L1.2(b)(1)(A), the offenses were grouped pursuant to U.S.S.G. § 3D1.2(c), and the sentence was based on the guidelines for illegal-reentry.

Uribe contends that the Government breached the written plea agreement by not orally recommending a downward departure for Uribe's early cooperation. Absent any objection in the district court, we review for plain error only. See United States v. Reeves, 255 F.3d 208, 210 (5th Cir. 2001). The inclusion of the Government's recommendation in the Presentence Report fulfilled the Government's plea-agreement obligation to recommend a downward departure for that offense. See United States v. Cates, 952 F.2d 149, 153 (5th Cir. 1992). Moreover, a downward departure as promised in the alien-transporting case would not have affected Uribe's substantial rights because it would have had no effect on the overall sentence, which was based on the illegal reentry offense. Uribe shows no plain error.

For the first time on appeal, Uribe argues that 8 U.S.C. § 1326(b) is unconstitutional because it does not require the fact of a prior felony or aggravated felony conviction to be charged in the indictment and proved beyond a reasonable doubt. He thus contends that his sentence is invalid and argues that it should not exceed the two-year maximum term of imprisonment prescribed in 8 U.S.C. § 1326(a).

Uribe acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but

2

asserts that the decision has been cast into doubt by <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000). He seeks to preserve his argument for further review. <u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>. <u>See</u> <u>Apprendi</u>, 530 U.S. at 489-90; <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000). This court must follow <u>Almendarez-Torres</u> "unless and until the Supreme Court itself determines to overrule it." <u>Dabeit</u>, 231 F.3d at 984 (internal quotation marks and citation omitted).

AFFIRMED.