United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 9, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41678
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUBEN OSCAR GUTIERREZ,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:95-CR-164-1
---------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ruben Oscar Gutierrez appeals the district court's denial of
his petition for a writ of mandamus seeking to compel the United
States Attorney for the Southern District of Texas to file a FED.
R. CRIM. P 35 motion for a reduction of his sentence based on
cooperation that he provided in connection with a drug-
trafficking prosecution.  Although the Government's pleadings in
the district court indicate that the Government agreed to file a
Rule 35 motion if Gutierrez provided substantial assistance and

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that Gutierrez provided such assistance, Gutierrez is not entitled to relief for the following reasons.

First, the requested relief falls within the ambit of a 28 U.S.C. § 2255 motion. See Reyes-Requena v. United States, 243 F.3d 893, 903 (5th Cir. 2001); United States v. Cates, 952 F.2d 149, 151 (5th Cir. 1992). As Gutierrez previously filed a § 2255 motion seeking the same relief, he was required to seek leave from this court prior to filing a second or successive post-conviction motion. See 28 U.S.C. §§ 2244(b)(3), 2255. As he did not do so, the district court was without jurisdiction to entertain his motion. See United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000).

Second, even if we were to construe Gutierrez's mandamus petition as seeking leave from this court to file a second or successive § 2255 motion, we would not grant it because Gutierrez's claims do not rely on either newly-discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty, or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. See § 2255; Reyes-Requena, 243 F.3d at 897-99.

Finally, even if a petition for writ of mandamus were the appropriate vehicle for Gutierrez's claims, the district court did not err in denying him relief. Gutierrez had other avenues

of seeking relief that he failed to pursue in a timely manner, and he failed to appeal any prior rulings.  Given these facts and the passage of time between his conviction and this third attempt by Gutierrez to seek the same relief, the district court properly exercised its discretion in concluding that Gutierrez's petition for a writ of mandamus was not appropriate under the circumstances.  See United States v. Williams, 400 F.3d 277, 280-81 (5th Cir. 2005).

For all the foregoing reasons, the judgment of the district court is AFFIRMED.