**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 22, 2011

Lyle W. Cayce
Clerk

No. 11-10184
Summary Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JAMES HOWARD HANEY,

                                        Defendant-Appellant.

Appeals from the United States District Court
for the Northern District of Texas
No. 4:92-CR-61-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

James Haney, federal prisoner # 22122-077, was convicted of possession
of methamphetamine with intent to distribute.  The district court determined

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that he was a career offender and sentenced him to 360 months in prison and a five-year term of supervised release. This court is now presented with Haney's appeal from the denial of his request for a writ of mandamus to compel the government to tender specific performance of the plea agreement.

Under Haney's view, the plea agreement called for a certain base offense level and sentence. He avers that the prosecutor acted in contravention of those portions by agreeing that the base offense level provided by the career offender enhancement was proper. Additionally, he contends that that statement ran afoul of the agreement's implicit provision that the prosecutor not argue for any sentencing enhancements.

Initially, it is uncertain whether the district court had jurisdiction to consider the merits of Haney's motion, which challenged his sentence and plea agreement. Such claims are typically considered in 28 U.S.C. § 2255 motions. *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001); *United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992). Haney has not received this court's authorization to file a successive § 2255 motion, nor do his arguments on appeal show that he should be permitted to bring such a motion.

Nevertheless, even assuming *arguendo* that Haney properly raised his arguments in his request for a writ of mandamus, he still has not shown "that his right to issuance of the writ is clear and indisputable." *See United States v. Williams*, 400 F.3d 277, 280 (5th Cir. 2005). Consequently, he has pointed to no error in connection with the disputed judgment.

Haney's request for appointed counsel is DENIED, and the judgment is AFFIRMED.