# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 25, 2013

Lyle W. Cayce
Clerk

No. 12-10042
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ADRIAN TORRES HUERTA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:01-CR-94-1

Before DeMOSS, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Adrian Torres Huerta, federal prisoner # 27918-177, pleaded guilty, pursuant to a written plea agreement, to distribution of methamphetamine within 1,000 feet of an elementary school and aiding and abetting. The district court applied the two-level enhancement under U.S.S.G. § 2D1.1(b)(1) after finding that Huerta possessed at least one firearm during his offense, and the district court sentenced Huerta to 210 months of imprisonment and eight years of supervised release. Before the court is Huerta's appeal from the denial of his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion for a writ of mandamus, in which he sought to compel the Government to tender specific performance of its alleged promise that the § 2D1.1(b)(1) enhancement would not be applied to Huerta.

Huerta contends that the Government's promise not to utilize § 2D1.1(b)(1) was made in conjunction with his plea agreement, as demonstrated by the parties' agreement to strike from the plea agreement a stipulation that Huerta understood § 2D1.1(b)(1) would apply to his case. According to Huerta, the Government breached the plea agreement by thereafter presenting evidence and argument in support of the § 2D1.1(b)(1) enhancement at his sentencing.

Initially, it is uncertain whether the district court had jurisdiction to consider the merits of Huerta's motion, which challenged his sentence and plea agreement. Such claims are typically considered in 28 U.S.C. § 2255 motions. *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001); *United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992). Huerta has not received this court's authorization to file a successive § 2255 motion, nor do his arguments on appeal show that he should be permitted to bring such a motion.

Nevertheless, even assuming arguendo that Huerta properly raised his arguments in his motion for a writ of mandamus, he still has not shown "that his right to issuance of the writ is clear and indisputable." *United States v. Williams*, 400 F.3d 277, 281 (5th Cir. 2005). The removal of the stipulation in question from his plea agreement does not establish that the Government agreed that § 2D1.1(b)(1) would not apply. Huerta has not shown error in connection with the disputed judgment.

Accordingly, the judgment is AFFIRMED.