# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 30, 2021

Lyle W. Cayce
Clerk

No. 21-40051
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Victor Hernandez-Cuellar,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:16-CR-111-1

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:[*]

Jose Victor Hernandez-Cuellar, federal prisoner # 26608-078, appeals the district court's denial of his motion for copies of transcripts and other court records. He asserts that he needs access to the records and transcripts in his case to prepare a 28 U.S.C. § 2255 motion and that his previous

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

attorneys have denied his requests for copies of his file. Additionally, he contends that the district court's denial of his motion violated his Fifth and Fourteenth Amendment rights.

An indigent defendant has no constitutional right to acquire a copy of his transcripts or court records for use in a collateral proceeding. *See United States v. MacCollum*, 426 U.S. 317, 325-26 (1976). However, a movant for a writ of habeas corpus is entitled to copies of court records without cost where he has been granted leave to proceed in forma pauperis and his federal habeas motion is pending before the court. 28 U.S.C. § 2250; *see Walker v. United States*, 424 F.2d 278, 278-79 (5th Cir. 1970). The records will not be provided, though, where a movant contends that he needs them to formulate a claim or to review for facts that may support a potential habeas petition. *See United States v. Carvajal*, 989 F.2d 170, 170 (5th Cir. 1993).

When Hernandez-Cuellar moved to furnish the requested records, no § 2255 motion or other collateral-review application was pending before the district court. While he claims that he was granted leave to file a successive § 2255 motion, his motion was, in fact, denied as unnecessary. Because there was no live action, the district court had no basis to consider his motion for production. *See Carvajal*, 989 F.2d at 170; *Walker*, 424 F.2d at 278-79.

In any event, Hernandez-Cuellar sought production of the requested documents precisely for the improper purpose of "fishing" for possible claims for relief. *See Carvajal*, 989 F.2d at 170. Hernandez-Cuellar does not identify an error in the district court's analysis, and while he attempts to show a need for production, he merely argues the merits of his substantive habeas claims and generally asserts that the documents will prove his claims. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *Hughes v. Johnson*, 191 F.3d 607, 612-13 (5th Cir. 1999). As to Hernandez-Cuellar's claims of constitutional violations implicit in the denial

No. 21-40051

of his motion, we do not address arguments raised for the first time on appeal. *See United States v. Cates*, 952 F.2d 149, 152 (5th Cir. 1992).

Accordingly, Hernandez-Cuellar's appeal is without arguable merit and is DISMISSED as frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2. Hernandez-Cuellar is CAUTIONED that filing frivolous, repetitive, or otherwise abusive appeals may invite sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.