United States Court of Appeals,

Fifth Circuit.

No. 92-8023.

UNITED STATES of America, Plaintiff-Appellee,

v.

Arkie Elisha BORDERS, Defendant-Appellant.

June 9, 1993.

Appeal from the United States District Court for the Western District of Texas.

Before GARWOOD and DeMOSS, Circuit Judges.[*]

DeMOSS, Ciuit Judge:

## BACKGROUND FACTS

Arkie Borders was one of several individuals implicated by an investigation of an operation involving distribution of marijuana and cocaine between 1985 and February 1990. He was present during negotiations with undercover law enforcement officers for the sale of one thousand pounds of marijuana by the officers to Billy Kelly and Jose Rodriguez. During such conversations, Borders agreed to store the marijuana at his place of business until it could be redistributed by Kelly and Rodriguez to their purchasers; and that for such storage he would receive a payment of $20,000. As part of these negotiations, he met with Kelly and the undercover officers during January and February 1990 and took them to his business place in order for them to determine whether it was a suitable storage site. No such marijuana sales transaction ever occurred, however, and no storage of marijuana ever actually occurred at Borders' warehouse.

In August 1990, by superseding indictment, Borders was charged with: (1) conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846; and (2) possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1).

The quantity of marijuana was not specified in the counts in the indictment. Later, however,

[*]Judge Brown was a member of the panel that heard oral arguments but due to his death on January 23, 1993, did not participate in this decision. This case is being decided by a quorum pursuant to 28 U.S.C. § 46(d).

Borders entered into a written plea agreement with the government under which he agreed to plead guilty to count I, conspiracy to possess with intent to distribute "*less than 50 kilograms of* " (underscore added) marijuana, carrying a sentence of imprisonment of not more than five years and a fine not to exceed $250,000, or both, in violation of Title 21 U.S.C. § 846, 841(a)(1), and 841(b)(1)(D). In consideration for Borders' willingness to give a full, complete, and truthful statement to law enforcement authorities concerning his knowledge of drug trafficking, the government agreed in the plea agreement to move the Court to dismiss Count II of the indictment and not to seek an enhancement of the sentence in Count I at the time of sentencing even though it had previously filed a notice of its intention to enhance the sentence based upon the quantity discussed in the proposed transaction. The plea agreement also stated that no agreement had been made by the government concerning any possible sentence as that matter is exclusively within the province of the trial court.

At the rearraignment proceeding, the government offered the plea agreement to the trial court. The defendant pleaded guilty to the conspiracy count and the possession count was dismissed upon motion of the government. The trial court arraigned the defendant pursuant to Fed.R.Crim.P. Rule 11 and informed him that the maximum possible penalty for the offense to which he was pleading guilty could be five years of imprisonment plus a fine of $250,000 plus a term of supervised release of *at least two years* (emphasis added). The trial court instructed the defendant that the Court was not required to accept the plea agreement that defendant had entered into with the government; but the Court did advise the defendant that if it rejected the plea agreement he would be told about that in open court, and at that time he would be given an opportunity to withdraw his guilty plea.

The trial court advised Borders that pursuant to Title 28, United States Code, Section 994(a), the Court may impose a sentence that's different than that set out in the guidelines if the Court should find that aggravating or mitigating circumstances exist that were not properly taken into consideration by the Sentencing Commission when those guidelines were adopted.

The trial court informed Borders that he would be advised at the time of sentencing whether or not the Court would accept the plea agreement that Borders made with the government.

The trial court accepted Borders' guilty plea and found him guilty.

In the presentence report (PSR), however, the probation officer considered the transaction as one involving one thousand pounds of marijuana. Earlier transactions involving other quantities of marijuana were not figured into the calculation of the base offense level.

Borders did not file any written objections to the PSR, but his counsel orally presented objections at the sentencing hearing. Counsel objected to the recommendation that Borders' offense conduct be categorized as a part of the larger conspiracy which began in 1985, and he also argued that Borders was entitled to a reduction for acceptance of responsibility because of his cooperation with the government. Counsel further objected to the recommendation in the PSR that Borders be denied a reduction on the grounds of his minor role in the offense. The trial court overruled the objections.

Also at the sentencing hearing, the trial court asked Borders' attorney whether he had any comments, corrections or objections that had not been resolved with regard to the presentence report. Borders' attorney responded that "I do agree to the following paragraph [in the PSR], page 5, that it was a one thousand pound of marijuana distribution that my client was allegedly involved in. And that's what he plead guilty to." When the trial court asked Borders' attorney whether he had anything further he would like to say in behalf of the defendant before the Court imposed sentence, Counsel stated, "... He pled guilty to it. He's admitted his role in the offense. And I just ask the court to sentence him to the sixty months which is the maximum under the statute in this case."

The trial court never advised Borders at the time of sentencing whether or not it would accept the plea agreement; nor did the Court afford Borders any opportunity to withdraw his plea of guilty as the Court had previously represented it would.

Borders had been convicted in 1979 of possession of heroin and sentenced to six years imprisonment; and thus, his term in prison under 21 U.S.C. § 841(b)(1)(D) for a second offense could have been as much as 10 years. The government did not tender proof of the prior conviction as a basis for enhancement of Borders' sentence. Likewise, while the trial court did include the prior narcotic conviction in determining the criminal history category, it did not consider the prior

conviction in determining the statutory maximum prison term sentence. Similarly, the trial court did consider the one thousand pounds of marijuana to calculate the offense level; and based upon an offense level of 28 and a criminal history category of II, the Court found that the guideline imprisonment range was 87-108 months. However, the trial court determined that because the statutory maximum term for the offense of conspiracy to possess with intent to distribute *less than 50 kilograms of marijuana for a first offender* (emphasis added) was five years, it could not sentence the defendant pursuant to the 87-108 month guideline imprisonment range. Therefore, the trial court sentenced Borders to a term of sixty months imprisonment (the maximum permitted under the first sentence of § 841(b)(1)(D), four years supervised release (which would be applicable only if the prior narcotic conviction was used), a $12,500 fine, and a $50 special assessment.

On direct appeal, Borders claimed only that he was entitled to a reduction in his sentence because of his acceptance of responsibility and his minimal or minor participation in the conspiracy. Another panel of this Court affirmed the trial court's findings on these issues in an unpublished opinion (No. 91-8049 summary calendar, June 10, 1991) 935 F.2d 1291.

In September 1991 Borders filed a pro se § 2255 motion. Borders asserted that the trial court misapplied the guidelines in failing to sentence him on the basis of his offense of conviction, a conspiracy involving "less than 50 kilograms" of marijuana. Borders also alleged that the trial court erred in sentencing him to a term of supervised release for a period of four years. Borders' third ground for relief was that he was denied effective assistance of counsel because of his counsel's failure to raise the above issues.

The trial court referred the § 2255 motion to his magistrate judge who, without any hearing, found that the guidelines had been correctly applied in the case, that the term of supervised release imposed was authorized by statute, that there was no basis for an objection to the sentence and, therefore, that Borders' counsel's performance was not deficient. The trial court adopted the magistrate judge's report without a hearing.

Borders filed a response to the government's answer to his § 2255 motion. The trial court noted that because of a clerk's error he did not receive Borders' response prior to issuing the order

adopting the magistrate judge's report and denying the § 2255 motion; and he treated this response as a motion for reconsideration. Appellant asserted in this response that the government breached the plea bargain by inducing him to believe that he was pleading to a lesser charge, and then presented facts at the sentencing which resulted in a sentence for a more serious offense. Additionally, Borders alleges in this response that the government breached the plea bargain agreement and by its actions obtained a coerced confession; and requests the court to correct his sentence "to the lower to middle of the guidelines of possession of less than 50 kilograms of a controlled substance which is *what the petitioner made his plea of guilty on.*" (Emphasis added). After reviewing the response, the trial court found no basis for modifying his decision. Acting pro se, Borders appealed to this Court the denial of his § 2255 motion.

## I.

### Ineffective Counsel and Meaning of the Plea Agreement

A defendant may collaterally attack his guilty plea on the grounds of an alleged violation of the plea agreement. *United States v. Cates,* 952 F.2d 149, 151 (5th Cir.), *cert. denied,* --- U.S. ----, 112 S.Ct. 2319, 119 L.Ed.2d 238 (1992).

Disputes concerning the existence and terms of a plea agreement generally pose factual questions for resolution in the district court, *see United States v. Sutton,* 794 F.2d 1415, 1423 (9th Cir.1986), which we review for clear error. *United States v. Helmandollar,* 852 F.2d 498, 501 (9th Cir.1988).

The Supreme Court in *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971) remanded a case for resentencing or to allow withdrawal of a guilty plea because the plea agreement had been inadvertently breached by the prosecutor. The Court stated that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Id.* A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void. *Cates supra.* When construing a plea agreement, we look to what the defendant "reasonably understood" when entering his plea. *United States v. Hand,* 913 F.2d 854, 856 (10th Cir.1990).

The Supreme Court has established a two-part test for evaluating claims of ineffective assistance of counsel in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In order to establish such a claim, Borders must meet both prongs of this test. First, he must show that his counsel's performance was deficient. "This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel' guaranteed the defendant by the Sixth Amendment." *Id.* A lawyer's representation is deficient only if it falls below an objective standard of reasonableness, measured under prevailing professional norms. *Id.* at 686, 688, 104 S.Ct. at 2064, 2065.

Second, Borders must show that his defense was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687, 104 S.Ct. at 2064. In order to establish prejudice, Borders must show that there is a reasonable probability that a different result would have occurred but for the deficient representation. *Id.* at 693, 104 S.Ct. at 2068. In assessing counsel's decisions, we must afford his performance a high degree of deference. *Id.* at 688, 104 S.Ct. at 2065.

At the district court level, Borders claimed that his trial counsel had been ineffective because (1) he erroneously stated to the district court that Borders pleaded guilty to distribution of one thousand pounds of marijuana, and (2) he failed to raise the issues of miscalculation of the base offense level and term of supervised release.[1]

The government argues that because the district court is not bound by the quantity of drugs specified in the indictment or in the count of conviction. *United States v. Sarasti,* 869 F.2d 805, 806 (5th Cir.1989), that counsel's misstatements regarding Borders' guilty plea met the reasonable standard prong of *Strickland.* Moreover, the government contends that the district court applied the guidelines correctly in considering the total amount of marijuana which Borders agreed to store at his place of business. Therefore counsel had no reason to object.

We might be inclined to accept the government's argument had the plea agreement not

---

[1]Borders waived other grounds for this claim by not raising them in the district court. *See United States v. Smith,* 915 F.2d 959, 964 (5th Cir.1990) (declining to consider claims of ineffective assistance which were not raised in the district court).

contained language expressly limiting the quantity of drugs to which defendant was pleading guilty and had it not contained a provision that the government would not enhance the defendant's sentence. In our view, the essential question raised by Border's § 2255 motion is the issue of ineffective assistance of counsel, which in turn depends on the meaning of the plea agreement. The relevant portions of the plea agreement, considered in light of the fact that Borders agreed to store 1,000 pounds (453 kilograms) of marihuana and had a previous heroin conviction, could reasonably be understood in either one of two different ways:

(i) as intended only to invoke the five year statutory maximum provided in the first sentence of section 841(b)(1)(D) without enhancement under the second sentence of that section by reason of the previous conviction;[2] *or* (ii) as intended to preclude not only consideration of the previous conviction, but also to preclude all consideration under the sentencing guidelines, *even* in fixing a sentence *within* the five-year range contemplated by the first sentence of section 841(b)(1)(D), of any quantity of marihuana in excess of fifty kilograms.

If the agreement was in fact as outlined in (i) above, and Borders so understood it, then he would not be entitled to any relief. If, on the other hand, the agreement was as indicated in (ii) above, or if Borders' counsel so informed him, then his counsel would appear to have been ineffective for informing the court that he could be sentenced on the basis of 1,000 pounds. In that situation, Borders would be entitled to be resentenced in accordance with the agreement, unless the district court refused to accept it, in which case Borders would be entitled to withdraw his plea. If the agreement were as in (i) above, but Borders' counsel told him that it was as in (ii) above, then counsel would have been ineffective and Borders would likely be entitled to withdraw his plea. Borders has alleged that he always understood the agreement was as described in (ii) above, and it is sufficiently ambiguous on its face to allow him an evidentiary hearing. It can be raised in this section 2255 proceeding because it raises the constitutional issue of ineffective assistance of counsel, which, if established, also excuses the failure to raise it at trial or on appeal.

---

[2]Absent such an agreement, Borders faced a statutory *minimum* of ten years and maximum of life.

II.

Appropriateness of Supervised Release Time

The trial court fixed four years as the time which Borders must serve on supervised release following his prison time. However, 18 U.S.C. § 3583(b) fixes limits on the time of supervised release depending upon the Class of felony involved. Classes of felonies are defined in 18 U.S.C. § 3559 depending upon the maximum authorized terms of imprisonment. The terms of imprisonment authorized for violations of 21 U.S.C. § 841(a)(1) are a function of the quantities of drugs involved and whether or not the defendant has previously been convicted of a drug offense. If in this case the quantity of marijuana involved was 1000 pounds, the offense would be a Class B felony for which the maximum supervisory release term could be five years; but if the quantity were less than fifty kilograms, it would be a Class C offense for which the maximum is three years. Considering the element of the prior conviction, the four year supervisory release term would be permissible if the Court made an express finding as to that prior conviction and the quantity was fifty kilograms or less; but if the Court made a finding of the prior conviction and the quantity were 1000 pounds, the supervisory release term by statute should be at least eight years. If this supervised release issue were all that was in the case, it is doubtful that Borders would be entitled to an evidentiary hearing, but since an evidentiary hearing on the general meaning of the plea agreement, and whether counsel was effective or not if the agreement was as Borders claims, is required anyway, the supervised release issue should also be reconsidered.

III.

Issues not Raised Below

Borders raises several issues for the first time on appeal. He now claims that (1) he was entitled to a three-level reduction in his base offense level for an incomplete offense, pursuant to U.S.S.G. § 2X1.1; (2) his Sixth Amendment right to counsel was violated by government agents eliciting statements from him after several co-defendants had been charged; (3) his due process rights were violated because he was not reasonably capable of producing one thousand pounds of marijuana; (4) his due process rights were violated because the district court failed to reduce his base offense

level for acceptance of responsibility; (5) the district court erred in considering conduct other than the offense conduct; and (6) that U.S.S.G. § 1B1.3(a)(2) is invalid.

In addition, Borders alleges new grounds for his ineffective assistance of counsel claim, including issues of constructive possession, due process, Sixth Amendment, capability of producing the thousand pounds of marijuana, acceptance of responsibility, minimal participation, incomplete offense, unconstitutional application of the guidelines, and the disparity of sentences given to co-conspirators.

Because Borders did not raise these claims in the district court, he has waived appellate review. "If the defendant in habeas proceedings did not raise his claims before the district court, we do not consider them on appeal." *United States v. Smith,* 915 F.2d 959, 964 (5th Cir.1990).

IV.

Conclusion

This was a § 2255 motion filed by a pro se defendant. Neither the magistrate judge nor the trial court held an evidentiary hearing on the matter. Our review of the record has disclosed what we deem to be alleged errors that were not adequately addressed.

We do not reach the question of the validity of Borders' sentence at this time. However, we VACATE the decision of the trial court that denied the § 2255 motion and found no error in the prior conviction and sentence; and REMAND the case back for an evidentiary hearing dealing with the issues of (i) ineffective assistance of counsel, (ii) proper interpretation of the plea agreement to determine the intention of the parties; (iii) whether the Court accepts or rejects the plea agreement; and (iv) proper determination of supervised release time.

This Court suggests that separate other counsel be appointed for defendant for the evidentiary hearing.