United States Court of Appeals,

Fifth Circuit.

No. 93-7712.

John Buford IRVING, III, Petitioner-Appellant,

v.

Edward HARGETT, Superintendent, Mississippi State Penitentiary, et al., Respondents-Appellees.

July 20, 1995.

Appeal from the United States District Court for the Northern District of Mississippi.

Before DAVIS, SMITH and WIENER, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge.

Irving appeals the district court's dismissal of his § 2254 petition as a successive writ. We affirm.

I.

The facts of this case are set out in detail in *Irving v. State,* 361 So.2d 1360, 1362-63 (Miss.1978) ("*Irving I* "), *cert. denied,* 441 U.S. 913, 99 S.Ct. 2014, 60 L.Ed.2d 386 (1979), and *Irving v. State,* 498 So.2d 305, 308 (Miss.1986) ("*Irving III* "), *cert. denied,* 481 U.S. 1042, 107 S.Ct. 1986, 95 L.Ed.2d 826 (1987). In brief, Irving and his co-defendant, Keith Givhan, robbed and killed Grambrell Ray on March 3, 1976, in Ray's grocery store. Ray's wife testified that she saw Irving with a shotgun immediately following the shooting. Irving later made a statement to authorities that he had shot Ray after Ray had advanced toward him. Irving was convicted of capital murder and sentenced to death in a separate sentencing proceeding. At the sentencing hearing, Irving

1

testified that Givhan actually had fired the fatal shot.

The Mississippi Supreme Court upheld the conviction and sentence on direct appeal. *Irving I, supra.* Following a denial by the Mississippi Supreme Court for an application to file a writ of error coram nobis, *Irving v. State,* No. 03-DP-04 (May 23, 1979), petitioner filed his first petition for federal habeas relief.

In July 1981, the district court granted relief as to the sentencing phase of Irving's original trial but denied relief as to the guilt phase. *Irving v. Hargett,* 518 F.Supp. 1127 (N.D.Miss.1981). The court determined that Irving's attorney, Mr. McClellan, who also represented Irving's co-defendant Givhan, conducted Irving's defense under an unconstitutional conflict of interest. The court, however, specifically found that only the sentencing phase of the proceeding was affected and not the guilt phase. *Id.* at 1144-45. Mr. McClellan, who acted as both trial counsel and habeas counsel, did not appeal the district court's rejection of Irving's § 2254 attack on his conviction, apparently despite the request of petitioner.

Irving was resentenced in November 1981. Again, the jury returned a death sentence, and the sentence was again upheld on direct appeal by the Mississippi Supreme Court. *Irving v. State,* 441 So.2d 846 (Miss.1983) ("*Irving II* "), *cert. denied,* 470 U.S. 1059, 105 S.Ct. 1774, 84 L.Ed.2d 834 (1985). While the direct appeal was pending, petitioner filed a pro se petition for federal habeas relief, again challenging his 1976 conviction. The district court again denied relief, on the same grounds stated in its

2

earlier ruling.  *Irving v. Lucas,* No. WC 82-139-WK-P (N.D.Miss. Nov. 29, 1982).  Petitioner filed a pro se notice of appeal to this court and moved for the appointment of counsel.  This court denied the appointment of counsel.  Petitioner then moved to dismiss the appeal, which this court granted.  Following a failed attempt at state collateral relief, *Irving III, supra,* petitioner again sought relief from the U.S. Supreme Court.  This petition was also denied. *Irving v. Mississippi,* 481 U.S. 1042, 107 S.Ct. 1986, 95 L.Ed.2d 826 (1987).

Irving filed the instant petition in July 1987.  While this case was under consideration by the district court, Irving filed another petition for relief with the Mississippi Supreme Court. That Court vacated Irving's death sentence and remanded for a new sentencing hearing.  *Irving v. State,* 618 So.2d 58 (Miss.1992) ("*Irving IV* ").  The federal district court's opinion in this case was filed in October 1993.  The district court dismissed the claims related to the 1982 sentencing phase as moot and dismissed the claims relating to the 1976 conviction as either successive or an abuse of the writ.  This appeal followed.

## II.

Petitioner challenges the trial court's rejection of his ineffective assistance and inadmissible confession claims, both of which are predicated on counsel's conflict of interest.[1]  Irving presented these identical claims in his first federal habeas

---

[1]These are referred to as claims two and five in the district court's opinion.

petition in 1981 and again in his second federal habeas petition in 1982. The district court considered and rejected those claims on the merits in both habeas proceedings. As discussed above, petitioner did not appeal the district court's rejection of his § 2254 attack on his conviction in either of the earlier habeas proceedings.

The district court therefore dismissed these two claims as successive under Rule 9(b) of the Rules Governing § 2254 Cases, which states:

> (b) Successive motions. A second or successive petition may be dismissed if the judge finds that it fails to allege new and different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant to assert those grounds in a prior petition constituted an abuse of the writ.

Rules Governing § 2254 Cases, Rule 9(b), 28 U.S.C. foll. § 2254. The district court also found that petitioner's conduct offended the finality concept as articulated in *McCleskey v. Zant,* 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

By its terms, *McCleskey* addresses the type of writ abuse that "defines the circumstances in which federal courts decline to entertain a claim presented for the first time in a second or subsequent petition for a writ of habeas corpus." *Id*. at 470, 111 S.Ct. at 1457. Irving did not raise claims two and five for the first time in the instant petition; rather, he is raising these precise issues for the third time. Thus, arguably, *McCleskey*'s standard, with its cause and prejudice and miscarriage of justice exceptions, *see id.* at 493-94, 111 S.Ct. at 1469-70, is too

4

generous to the petitioner.  But even if we apply the *McCleskey* standard for "cause" to determine whether Irving's successive writ can be entertained, Irving cannot prevail.

Absent a showing of cause, then, Irving was bound to assert these claims in an appeal of his first federal habeas petition, rather than seek to relitigate the same claims in a subsequent petition.  *See Hamilton v. McCotter,* 772 F.2d 171, 178 n. 12 (5th Cir.1985).  Petitioner argues that his attorney's conflict of interest constitutes cause for his failure to perfect an appeal from the district court's original rejection of these claims in his first federal habeas proceedings.  He asserts that Mr. McClellan, the attorney who represented him in his first federal habeas proceedings, is the same attorney who was found to have a conflict of interest at the original trial.  Petitioner argues that we therefore should infer that counsel's failure to file the appeal was a product of this same conflict.

Even if we draw the requested inference, petitioner's argument fails.  In a federal habeas petition, we evaluate a claim that attorney error constitutes cause for such a default as a *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), ineffective assistance of counsel claim.  *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986).  The Supreme Court, however, has made it clear that a convicted defendant has no Sixth Amendment right to counsel in post-conviction habeas proceedings.  *See Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987).

5

Because a petitioner does not have a constitutional right to counsel in post-conviction habeas proceedings, it follows that a petitioner cannot claim ineffective assistance of counsel in such proceedings. *See Coleman v. Thompson,* 501 U.S. 722, 752, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991). Thus, error or misconduct by Irving's counsel cannot establish cause for his failure to appeal the rejection of these claims in his first federal habeas proceedings. *See Johnson v. Hargett,* 978 F.2d 855, 859 (5th Cir.1992) ("[B]ecause there is no constitutional right to counsel in federal habeas, under *McCleskey,* no error by counsel in a habeas proceeding can constitute cause."), *cert. denied,* --- U.S. ----, 113 S.Ct. 1652, 123 L.Ed.2d 272 (1993).[2]

Petitioner's claim that cause in this instance stems from a conflict of interest rather than attorney incompetence does not alter this conclusion. The Court's discussion in *Strickland* itself makes clear that both types of claims concern a violation of the defendant's Sixth Amendment right to effective assistance of counsel. *See Strickland,* 466 U.S. at 692, 104 S.Ct. at 2067. *See also Beets v. Collins,* 986 F.2d 1478, 1483 (5th Cir.), *reh'g granted,* 998 F.2d 253 (5th Cir.1993). Thus, a conflict of interest claim is properly analyzed under *Strickland,* although it is easier for a petitioner to establish prejudice if a conflict of interest is found to have existed. *See Strickland,* 466 U.S. at 692, 104 S.Ct. at 2067.

---

[2]Petitioner does not argue *McCleskey*'s "fundamental miscarriage of justice" exception.

6

III.

Because the district court correctly rejected, as successive, the two claims at issue here, we AFFIRM.

AFFIRMED.