IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50943
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT WADE TOWNSEND,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-89-CR-87-8
- - - - - - - - - -
January 28, 1997

Before JONES, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

Robert Wade Townsend argues that the district court abused its discretion in ruling on his 18 U.S.C. § 3582(c)(2) motion without reconsidering Townsend's relevant conduct in light of the amendment to U.S.S.G. § 2D1.1.

We have reviewed the record, including the transcript of the hearing held on Townsend's motion for reduction, and the briefs of the parties and hold that the district court did not abuse its

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

discretion in determining that Townsend should be held accountable for five pounds of methamphetamine and in reducing Townsend's sentence based on that quantity of drugs.

Townsend argues for the first time in his reply brief that the expert's calculation of the laboratory's capacity was merely a guess based on assumptions. He also argues for the first time that the Government is procedurally barred from contesting a probation officer's calculation of his offense level based on the actual amount of methamphetamine seized from a laboratory. Issues raised initially in a reply brief are not subject to appellate review. United States v. Prince, 868 F.2d 1379, 1386 (5th Cir.), cert. denied, 493 U.S. 932 (1989).

Townsend argues that the district court's imposition of an eight-year term of supervised release at the initial sentencing violated the Ex Post Facto Clause. This issue does not arise out of the amendment to § 2D1.1 and, thus, it cannot not be properly raised in a § 3582(c)(2) motion. See United States v. Shaw, 30 F.3d 26, 29 (5th Cir. 1994).

Townsend argues that his appointed counsel was ineffective in connection with the § 3582(c)(2) proceedings. Townsend was not constitutionally or statutorily entitled to counsel during the § 3582(c) proceedings. See United States v. Whitebird, 55 F.3d 1007, 1010-11 (5th Cir. 1995). Therefore, he cannot claim that he received ineffective assistance of counsel in those proceeding. See Coleman v. Thompson, 501 U.S. 722, 752 (1991);

Irving v. Hargett, 59 F.3d 23, 26 (5th Cir. 1995), cert. denied, 116 S. Ct. 929 (1996).

Because Townsend's ineffective-assistance-of-counsel claim does not raise a constitutional issue, the court need not determine whether Townsend would be entitled to file a successive 28 U.S.C. § 2255 motion to raise this claim.

AFFIRMED.