**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 97-40126
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANA YUBY PAYAN-PAZ,

Defendant-Appellant.

_____

**Appeal from the United States District Court
for the Eastern District of Texas
(USDC No. 1:94-CV-409)**

_____

January 15, 1998

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Ana Yuby Payan-Paz appeals the denial of her 28 U.S.C. § 2255 motion to vacate or correct her sentence. As part of a plea agreement, she pleaded guilty to conspiracy to distribute cocaine and was sentenced to 151 months imprisonment. She asserts that her guilty plea was not intelligently and voluntarily given because she did not understand the consequences of pleading guilty and that the Government breached the plea agreement. She contends also that she

---

[*]     Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was denied effective assistance of counsel at the trial, appellate, and post-conviction levels.

Appellant maintains that she did not understand the consequences of pleading guilty and that the Government secured her plea agreement under false pretenses. She is apparently asserting that she did not understand the amount of cocaine for which she could be held accountable and that the Government breached the agreement because she was sentenced based on 18 1/4 kilograms, when she only pleaded guilty to distribution of five kilograms and the evidence demonstrated that the most with which she was involved was 10 1/4 kilograms. The contention that the Government breached the plea agreement was not raised in district court; therefore, we review only for plain error. *E.g., **United States v. Calverley***, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc), *cert. denied*, 513 U.S. 1196 (1995).

Appellant has not demonstrated that her guilty plea was involuntary or that she entered her plea in reliance on promises that were breached. *See **United States v. Borders***, 992 F.2d 563, 567 (5th Cir. 1993) ("[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.") (quoting ***Santobello v. New York***, 404 U.S. 257, 262 (1971)). During the plea colloquy, the district court advised Payan-Paz of the applicable guideline range for her offense, and

2

she stated that she had spoken with her attorney and understood the consequences of the plea agreement.  In addition, we find no error in the calculation of Payan-Paz's sentence based on 18 1/4 kilograms.  *See United States v. Patten*, 40 F.3d 774, 776 (5th Cir. 1994) (finding "no constitutional violation if the district court includes the full quantity of drugs involved in the conspiracy and not just the quantity of drugs in the count of conviction"), *cert. denied*, 515 U.S. 1132 (1995).

In order to prevail on a claim for ineffective assistance of counsel, Appellant must demonstrate that was deficient performance by her attorney which prejudiced her defense.  **United States v. Faubion**, 19 F.3d 226, 228 (5th Cir. 1994).  Because the contention that the Government breached the plea agreement is without merit, Appellant has failed to demonstrate prejudice in her counsel's failure to raise this issue during sentencing, and, therefore, we find no ineffectiveness of counsel at sentencing.  *See **Lowery v. Estelle**, 696 F.2d 333, 343-44 (5th Cir. 1983).  Moreover, trial counsel was not deficient in failing to urge Payan-Paz to proceed to trial and raise a Fourth Amendment objection to the introduction of the taped conversations.  *See **United States v. Smith**, 978 F.2d 171 (5th Cir. 1992) (holding, under similar facts, that the defendant did not satisfy his burden of showing that the introduction of taped cordless telephone conversations, monitored

3

on a neighbor's scanner, was a violation of the defendant's Fourth Amendment rights), *cert. denied*, 507 U.S. 999 (1993).

In this regard, as the above issues are without merit, Appellant has not shown that her appellate counsel's performance prejudiced her. *See **Williams v. Collins***, 16 F.3d 626, 634-35 (5th Cir.), *cert. denied*, 512 U.S. 1289 (1994). Finally, the claim of ineffective assistance of counsel in post-conviction habeas proceedings is also without merit because a convicted defendant has no Sixth Amendment right to counsel in such proceedings. *See **Irving v. Hargett***, 59 F.3d 23, 26 (5th Cir. 1995) ("Because a petitioner does not have a constitutional right to counsel in post-conviction habeas proceedings, it follows that a petitioner cannot claim ineffective assistance of counsel in such proceedings."), *cert. denied*, ___ U.S. ___, 116 S. Ct. 929 (1996).

*AFFIRMED*