IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20482
USDC No. H-97-CV-1404
_____

HUMBERTO HINOJOSA,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

----------------------
Appeal from the United States District Court
for the Southern District of Texas
----------------------

February 4, 1999

Before DAVIS, DUHE', and PARKER, Circuit Judges.

PER CURIAM:

Humberto Hinojosa, federal prisoner # 48660-079, requests a Certificate of Appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 motion. Hinojosa moves to substitute a new motion for COA and a brief in support for his original motion and brief. Hinojosa's motion to substitute his brief is GRANTED and his original brief is STRICKEN.

Hinojosa argues that he was denied effective assistance of habeas counsel. Hinojosa has not made a substantial showing of the denial of a constitutional right with regard to this claim. See Irving v. Hargett, 59 F.3d 23, 26 (5th Cir. 1995)(holding that a petitioner has no constitutional right to counsel in post-conviction proceedings and cannot claim ineffective

assistance of habeas counsel).

Hinojosa claims that the district court erred in denying his motion for relief from judgment. This issue is not adequately argued in the body of Hinojosa's appellate brief and is deemed abandoned. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

Hinojosa argues that the district court erred in calculating the quantity of drugs attributable to him for sentencing purposes. Hinojosa's claim that the sentencing court misapplied the Sentencing Guidelines is not cognizable under § 2255. See United States v. Seyfert, 67 F.3d 544, 546 (5th Cir. 1995).

Hinojosa argues that his due process rights were violated because the evidence supporting his sentence lacks sufficient indicia of reliability. The Government responded that Hinojosa procedurally defaulted his due process claim by failing to raise the issue on direct appeal. The district court summarily dismissed Hinojosa's motion for § 2255 relief without giving Hinojosa an opportunity to respond to the affirmative defense.[1] In so doing, the court noted that Hinojosa's claims were without merit but did not explain the basis for its conclusion. See United States v. Daly, 823 F.2d 871, 872 (5th Cir. 1987)(holding that the district court must state its findings of fact and conclusions of law when ruling on a § 2255 motion).

---

[1] See United States v. Samuels, 59 F.3d 526, 528 (5th Cir. 1995)(holding that a defendant is required to show both cause for the procedural default in not raising an issue on direct appeal and some form of actual prejudice that he suffered as a result of the error).

Hinojosa claims in his motion for COA that he has cause for the procedural default because he received ineffective assistance of trial and appellate counsel.  The record does not conclusively show that Hinojosa is entitled to no relief because Hinojosa should have been given the opportunity to argue cause and prejudice in the district court.  Because the court did not state its reasons for denying Hinojosa's § 2255 motion, it is impossible to determine whether Hinojosa's claim was denied based on the procedural default or on the merits.  Accordingly, IT IS ORDERED that Hinojosa's motion for COA is GRANTED, the district court's order is VACATED and the case REMANDED for further proceedings.  See 28 U.S.C. § 2253(c)(2).  On remand, the district court should provide its findings and conclusions of law.  It should also consider whether to allow Hinojosa to amend his § 2255 motion to incorporate claims of ineffective assistance of counsel.

Because this case is being remanded for further proceedings, we pretermit consideration of the other appellate issues raised by Hinojosa.  Hinojosa's motion for leave to proceed in forma pauperis (IFP) is GRANTED.

MOTION TO SUBSTITUTE BRIEF GRANTED; COA GRANTED; MOTION FOR LEAVE TO PROCEED IFP GRANTED; VACATED AND REMANDED.