IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-30908

Summary Calendar
_____


KIM KOHLER

                              Petitioner - Appellant

        v.


BURL CAIN, Warden, Louisiana State Penitentiary

                              Respondent - Appellee

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 97-CV-1318-H
_____
March 9, 2001

Before KING, Chief Judge, and SMITH and PARKER, Circuit Judges.

PER CURIAM:[*]

        Petitioner Kim Kohler appeals the district court's denial of

relief on his 28 U.S.C. § 2254 petition.  On May 5, 2000, a panel

of this court remanded Kohler's case for an evidentiary hearing

on the question whether Kohler's trial counsel, Salvadore

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

Panzeca, rendered ineffective assistance by failing to subpoena codefendant Richard Allnet to testify at Kohler's trial. See Kohler v. Cain, 214 F.3d 1350 (5th Cir. 2000). The evidence presented at the evidentiary hearing revealed that Panzeca attempted to obtain Allnet's presence, but that Allnet's attorney refused to permit Allnet to testify. At that point, Panzeca was ethically barred from pursuing the matter further. See LA. CODE PROF'L RESPONSIBILITY EC 7-18, DR 7-104(A)(1) (1980) ("[A] lawyer should not communicate on the subject matter of the representation of his client with a person he knows to be represented in the matter by a lawyer[.]").

Panzeca was also aware that each of the four codefendants involved in the incident for which Kohler was convicted were "pointing fingers" at each other. As such, he was concerned that Allnet would have made a "damaging witness" and would have "turned state's evidence" at trial. This concern was supported by a transcript of Allnet's grand jury testimony, which was in Panzeca's possession prior to trial. In that transcript, Allnet made incriminating statements as to Kohler's active involvement in the crime.

After our thorough review of the evidentiary hearing record, we conclude that Panzeca attempted to obtain Allnet's presence on the request of Kohler and also made a strategic decision, based upon a review of the grand jury transcript, not to call Allnet as a witness at Kohler's trial. Accordingly, his conduct did not

2

constitute deficient performance.  See <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).

Kohler also asserts that he did not receive a fair evidentiary hearing before the district court because Allnet did not testify at that hearing.  We disagree.  As an initial matter, Kohler did not subpoena Allnet for the hearing.  Second, to the extent Kohler is asserting that his hearing attorney failed to subpoena Allnet, there is no constitutional right to counsel in habeas proceedings, and therefore, Kohler cannot claim ineffective assistance of counsel in such proceedings.  See <u>Irving v. Hargett</u>, 59 F.3d 23, 26 (5th Cir. 1995); <u>Johnson v. Hargett</u>, 978 F.2d 855, 859 (5th Cir. 1992).

Finally, within his appellate brief, Kohler refers to various constitutional violations other than his ineffective-assistance claim.  These assertions include that he was denied his right to compulsory process, that the State improperly sanctioned perjured testimony from one of its witnesses, and that Panzeca prevented Kohler from testifying at trial.  To the extent that any of these are issues raised separately from Kohler's ineffective-assistance claim, the district court did not grant a certificate of appealability on those issues, nor did Kohler request one.  Accordingly, those issues are not properly before this court.  See <u>Lackey v. Johnson</u>, 116 F.3d 149, 151-52 (5th Cir. 1997) (limiting appellate review to only those issues

specified in the certificate of appealability); cf. United States v. Kimler, 150 F.3d 429, 431 (5th Cir. 1998).

For the foregoing reasons, the district court's judgment is AFFIRMED.