UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50893
SUMMARY CALENDAR
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RAUL "RUDY" DOMINGUEZ,

Defendant - Appellant.

_____

On Appeal from the United States District Court for the
Western District of Texas, Midland/Odessa Division
(MO-00-CR-29-5)
_____

October 2, 2002

Before REYNALDO G. GARZA, HIGGINBOTHAM, and BENAVIDES, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

Raul Dominguez has appealed his conviction –which was based on his conditional guilty plea– on one of two counts alleging that he conspired to possess controlled substances with the intent to distribute. We AFFIRM.

In the district court, Dominguez moved to dismiss the charges against him, asserting that

----

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

-1-

the filing of these charges amounted to a violation of a 1998 plea agreement stemming from charges that he had distributed cocaine. In regards to the 1998 case, Dominguez pleaded guilty on one count and has served the prison sentence he received.

Both Dominguez and the Government assert that this Court should review the alleged breach of the plea agreement de novo. This Court has noted, however, that disputes concerning the terms of a plea agreement generally, as in this instance, involve the resolution of factual issues by the district court. *United States v. Gibson*, 48 F.3d 876, 878 (5th Cir. 1995). Because Dominguez raised the issue of whether the Government violated the plea agreement before the district court, this Court reviews the lower court's factual findings for clear error. *See id*.; *United States v. Borders*, 992 F.2d 563, 566-67 (5th Cir. 1993). Only the absence of factual findings necessitates de novo review. *See United States v. Cantu*, 185 F.3d 298, 302 & n.6 (5th Cir. 1999).

The district court held a hearing on Appellant's motion to dismiss at which Dominguez, the 1998 case agent, and several of the persons to whom Dominguez had sold cocaine during and prior to 1998, testified. The district court denied the motion on the ground that it was not reasonable for Dominguez to believe that the 1998 plea agreement barred the Government from bringing conspiracy charges in a future prosecution. Because the district court's ruling is supported by findings of facts which are not clearly erroneous, Dominguez's conspiracy conviction must be AFFIRMED. *See Gibson*, 48 F.3d at 878-79.

AFFIRMED.