United States Court of Appeals
Fifth Circuit

**F I L E D**

December 12, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No.  04-41206

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**RONALD KENDRIC McCOY,**

**Defendant-Appellant.**

**Appeal from the United States District Court
for the Eastern District of Texas
(4:04-CR-38-RAS-ALL)**

Before KING, Chief Judge, and BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:[*]

Primarily at issue is whether, pursuant to our plain-error review, the district court reversibly erred by sentencing Ronald K. McCoy based on an amount of loss greater than that authorized by the non-binding amount in his plea agreement.  **AFFIRMED**.

I.

In March 2004, McCoy was indicted on 11 counts for mail and wire fraud, in violation of 18 U.S.C. §§ 1341 and 1343.  On 29 April 2004, pursuant to a written plea agreement, McCoy pleaded

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guilty to the first count, which charged he defrauded purchasers on eBay (a popular internet auction site) by purporting to sell items he did not intend to deliver.

In the plea agreement, McCoy and the Government made a non-binding stipulation that, for Sentencing Guidelines purposes, the total loss resulting from the offense was $119,870.35. In the factual resume for the plea, however, McCoy acknowledged losses to victims totaling over $140,000.

In the presentence investigation report (PSR), the total loss was calculated as $139,232.21. Accordingly, the probation officer assigned McCoy a base offense level of seven. (The plea agreement's $119,870.35 total differed from the PSR's $139,232.21 because the PSR utilized the factual resume, which included two additional frauds committed by McCoy. Although the individually enumerated losses totaled $140,209.92 in the factual resume, the PSR stated the total loss as $139,232.21. The Government claims this was due to the probation officer's giving McCoy credit for a duplication in transactions listed in two different sections of the factual resume. Because there is no difference for Guidelines purposes for the two amounts, the disparity is irrelevant. U.S.S.G. § 2B1.1(b)(1)(F) (2004).)

To the base offense level of seven, the PSR added: ten levels, pursuant to U.S.S.G. § 2B1.1(1)(F), because the loss amount was between $120,000 and $200,000; and two levels, pursuant to

2

U.S.S.G. § 2B1.1(b)(2), because the offense involved 34 victims. The PSR recommended a three-level reduction for acceptance of responsibility.

The district court denied the reduction, finding that McCoy had violated the terms of his release and engaged in fraudulent conduct after entering his guilty plea. Accordingly, based on an offense level of 19 and a criminal history category of II, McCoy's sentencing range was 33 to 41 months. He was sentenced to 40 months imprisonment.

## II.

For the first time on appeal, McCoy claims the district court committed two types of error under **United States v. Booker,** 125 S. Ct. 738 (2005). Because McCoy failed to raise these issues in district court, we review only for plain error. **United States v. Mares**, 402 F.3d 511, 520 (5th Cir.), *cert. denied*, 126 S. Ct. 43 (2005). For that review, we determine whether there was a "clear" or "obvious" error that affected McCoy's substantial rights. **Johnson v. United States**, 520 U.S. 461, 466-67 (1997); **Mares**, 402 F.3d at 520-21. If so, we have discretion whether to correct the error; generally, we will not do so unless it "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings". **Mares**, 402 F.3d at 520 (internal citation and quotation marks omitted).

3

First, McCoy claims structural error because the mandatory sentencing guidelines were used in determining his sentence. The requisite error is lacking; this claim is foreclosed by *United States v. Malveaux*, 411 F.3d 558, 560 n.9 (5th Cir.), *cert. denied*, 126 S.Ct. 194 (2005).

Second, McCoy claims his sentencing enhancement was based on a factor neither admitted nor found by a jury beyond a reasonable doubt. *See* *Booker*, 125 S. Ct. at 756; *Mares* 402 F.3d at 521. The Government responds that there was no error because McCoy stipulated to all of the facts upon which the district court based the sentence.

*Booker* error occurs when a defendant's "sentence was enhanced based on findings made by the judge that went beyond the facts admitted by the defendant or found by the jury". *Mares*, 402 F.3d at 521. McCoy contends incorrectly that the district court based its amount-of-loss finding on an amount not admitted by McCoy. McCoy's signed factual resume, filed the same day as his plea agreement, listed individual loss amounts. For example, the resume stated:

> I did knowingly cause to be transmitted in interstate commerce, by means of wire communication ... the fraudulent wire transfer of funds ... totaling $40,125.46 for various sales transactions involving eBay.
>
> ....
>
> ... I, for the purpose of executing and attempting to execute the scheme and artifice

4

> [to defraud], knowingly caused to be delivered by the United States Postal Service ... an envelope, containing three (3) checks totaling $9,200 ....
>
> ....
>
> ... I ... caused to be delivered by the United States Postal Service ... an envelope, containing $11,139.57 ....

The unwritten sum of all listed amounts was more than $140,000. Also, at his plea hearing, McCoy orally agreed to the facts contained in that resume. Although McCoy and the Government stipulated to $119,870.35 of loss in the plea agreement, it stated: "*The government and the defendant agree that this stipulation is not binding on the United States Probation Office or the Court.*" (Emphasis added.) At the plea hearing, the district court verified: McCoy agreed that the total loss was $119,870.35, but also agreed that the total was *not* binding. Therefore, because McCoy had admitted at the plea hearing to a loss amount of more than $140,000, the district court acted within its discretion at sentencing by accepting the probation officer's recommendation of $139,232.21 as the loss amount.

McCoy directs us to *United States v. Borders*, 992 F.2d 563 (5th Cir. 1993), for guidance on whether the district court committed *Booker* error by sentencing him under a different loss amount than that stated in his plea agreement. In *Borders*, a 28 U.S.C. § 2255 motion maintained, *inter alia*, that movant's counsel was ineffective because he erroneously stated that movant had

5

pleaded guilty to conspiracy to distribute 1,000 pounds of marijuana. *Id.* at 567. Although the PSR stated that the amount involved was 1,000 pounds (approximately 454 kilograms), the plea agreement stated that movant conspired to distribute less than 50 kilograms. *Id.* at 564-65.

Our court stated that it "might be inclined to accept the government's argument" that the 1,000 pounds was the correct amount for sentencing purposes "had the plea agreement not contained language expressly limiting the quantity of drugs to which [the movant] was pleading guilty and had it not contained a provision that the government would not enhance the defendant's sentence". *Id.* at 567. The case was remanded for an evidentiary hearing on, *inter alia*, interpretation of the plea agreement. *Id.* at 569.

Unlike the plea agreement in **Borders**, McCoy's did *not* limit the court regarding the loss amount. Instead, his agreement stated: although the parties agreed that the loss amount was $119,870.35, that amount was *not* binding on either the district court or the probation officer.

In this regard, McCoy contends that his plea agreement and his factual resume conflict, giving rise to ambiguity that should be interpreted in his favor. *See **United States v. Harvey***, 791 F.2d 294, 300 (4th Cir. 1986) (stating that courts may hold "the Government to a greater degree of responsibility than the defendant

6

... for imprecisions or ambiguities in plea agreements"). This contention fails because his plea agreement stated that the district court and McCoy's probation officer were *not* bound by the $119,870.35 stipulation; thus, the court was free to sentence him based on the greater amount of loss admitted in McCoy's factual resume.

Therefore, McCoy's stipulation to the individual loss amounts in his factual resume (which totaled more than $140,000) and his acknowledgment at the plea hearing that he had done so permitted the district court to base his sentence on $139,232.21, rather than the non-binding $119,870.35 stated in the plea agreement.

Accordingly, the district court did not commit **Booker** error in sentencing McCoy. McCoy's having failed to show the requisite error, we need not consider the balance of our plain error standard.

### III.

For the foregoing reasons, the judgment is

**AFFIRMED**.